## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HERBERT H. CROSS,

    Plaintiff,

v.

STATE ROADS COMMISSION OF THE
STATE HIGHWAY ADMIN.,

    Defendant.

Civil No. 23-3036-BAH

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Herbert H. Cross ("Plaintiff") filed this lawsuit against Defendant State Roads Commission of the Maryland State Highway Administration ("Defendant"). *See* ECF 1 (complaint). There are two motions currently pending before the Court: 1) Defendant's motion to dismiss, or in the alternative, for summary judgment (ECF 5); and 2) Plaintiff's motion for leave to file an amended complaint (ECF 12). The Court has reviewed the motions, along with any memoranda in support, responses, supplements, and replies thereto. *See* ECFs 6 (Plaintiff's opposition to motion to dismiss), 7 (Defendant's reply to motion to dismiss), 12 (Plaintiff's motion for leave to file amended complaint), 19 (Defendant's opposition to motion for leave), and 22 (Plaintiff's reply to motion for leave). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motion for leave to file an amended complaint (ECF 12) will be granted, and the motion to dismiss, or in the alternative, for summary judgment (ECF 5) will be denied as moot, without prejudice to Defendant to re-file the arguments after the filing of the amended complaint.

## I.     Relevant Facts and Procedural History

Plaintiff filed this suit in November of 2023 alleging an unlawful taking of his property in West Friendship, Maryland, which he refers to as Parcel 139.[1] ECF 1, at 1. Plaintiff alleged that in 1999, he sent Defendant a "handwritten letter inquiring about the Maryland Route 32 highway expansion." *Id.* at 3. On February 9, 1999, Frank Knapp, Division Chief of the State Highway Administration ("SHA"), responded by "confirming that Parcel 139 would be taken by eminent domain for the Maryland Route 32 highway expansion and that any remaining portion of Parcel 139 would be landlocked (i.e., Parcel 139 would no longer have access to Route 32)." *Id.* Though Mr. Knapp's letter promised that the SHA would contact Plaintiff with additional information about the "possibility of alternative access to [Parcel 139]," Plaintiff alleges that "[f]rom February 9, 1999, on," he received "no additional information" regarding "access to Parcel 139." *Id.* at 4. However, Plaintiff did receive "continuous and constant letters, public notices, and notices of informal hearings . . . indicating that the Maryland Route 32 highway expansion was continuing." *Id.* Plaintiff claims that "on February 13, 2019, the SHA instituted formal condemnation proceedings and entered Parcel 139." *Id.* "Today," Plaintiff avers, "the Route 32 expansion is complete, and Parcel 139 has been reduced in size by 1.386 acres and has lost ingress and egress to Maryland Route 32, and thus is landlocked; in addition, the remaining 2.01-acre lot no longer qualifies for a residential building permit." *Id.*

Based upon these factual allegations, Plaintiff filed suit and alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] He asserts violations of the Fifth Amendment,

---

[1] The full address of the property at issue is described as "Howard County Tax Map 15, Grid 17, Parcel 139 Route 32, West Friendship, Maryland 21794." ECF 1, at 1.

[2] Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person

including the Amendment's prohibition on the taking of private property without just compensation (Count I) and an unlawful "inverse condemnation" (Count III). ECF 1, at 4, 6. Plaintiff also alleges analogous violations of Article 24 of the Maryland Declaration of Rights, including a "taking without payment of just compensation (Count II) and an unlawful "inverse condemnation" (Count IV). ECF 1, at 5, 6–7.

On January 19, 2024, Defendant moved for dismissal of Plaintiff's claims or, alternatively, for summary judgment. ECF 5. Defendant's filing included a memorandum and exhibits. *See* ECF 5-1 through 5-9. In short, Defendant moved for dismissal under Federal Rules of Civil Procedure 12(b)(6), alleging that it is a "unit" of the Maryland Department of Transportation ("MDOT") and an "entity within the SHA [] that exists primarily to execute constitutional and statutory authority" and thus is entitled to Eleventh Amendment Immunity. ECF 5-1, at 6–7. Defendant claims that despite Plaintiff's reference in his complaint to "*Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162, 2172 (2019), as grounds for this action," that case is inapposite because "it involved a suit against a township," not a state. *Id.* at 7. Since Plaintiff failed to allege that the State of Maryland "has waived its immunity or consented to the exercise of federal jurisdiction, . . . . the Eleventh Amendment is a bar to [Plaintiff's] action, and supplemental jurisdiction does not exist [to address Plaintiff's state law claims." *Id.* at 8–9. Regardless, Defendant contends, precedent exists precluding federal jurisdiction in cases alleging unjust takings where, as here, there exists a pending state action addressing the same facts because the Eleventh Amendment "bar[s] a takings claim against a State in federal court if state courts remain

---

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

open to adjudicating the claim."[3]  *Id.* at 9 (quoting *Zito v. North Carolina Coastal Res. Comm'n*, 8 F.4th 281, 288 (4th Cir. 2021)).  In arguing for summary judgment, Defendant alleges that no actual taking occurred because Plaintiff was justly compensated for Parcel 139.  *Id.* at 10–11.  Defendant also claims that the suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) because "Plaintiff's summons is defective."  *Id.*

Plaintiff initially responded to Defendant's motion to dismiss by briefly addressing Defendant's arguments but also by informally requesting leave to both amend his complaint and to perfect service.  ECF 6, at 5.  Plaintiff argued that *Knick* does not bar his lawsuit and further claims that "Maryland courts are not 'open' under the analysis of *Zito*, because the laws and remedies of the state of Maryland are not equivalent to the federal laws and remedies."  *Id.* at 3 (citing *Zito*, 8 F.4th at 288).  Specifically, Plaintiff claims that Maryland state court does not permit the recovery of attorney's fees for takings claims and thus does not offer the same remedy as a Section 1983 claim.  *Id.* at 4.  Plaintiff also vaguely alleges that dismissal is improper due to the

---

[3] Defendant's Motion to Dismiss avers that a "Land Acquisition Petition" regarding Parcel 139 was filed in the Circuit Court for Howard County Maryland and assigned case number C-13-cv-19-00128.  ECF 5-1, at 3.  Later, Defendant alleges that the case was referred to the Board of Property Review for Howard County" for a hearing in accordance with the relevant state law.  *Id.* After counsel for the Plaintiff sought, and received a postponement of that hearing, settlement discussions began.  *Id.*  Defendant claims that after Plaintiff failed to respond to Defendant's "offer" to proceed to a hearing or to initiate a "'formal' condemnation action," Plaintiff filed the instant suit.  *Id.* at 3-4.  Defendant notes in ECF 5 that it intended to file a formal condemnation action in Circuit Court for Howard County, which would "close Case No. C-13-CV-19-000128." *Id.*  Defendant's Reply asserts that the condemnation case was, in fact, filed.  ECF 7, at 3.  The Court takes judicial notice of the fact that Maryland Judiciary Case Search reflects that Defendant did file that action on January 31, 2024.  *See 1899 Holdings, LLC v. 1899 Liab. Co.*, No. CCB-12-297, 2013 WL 142303, at *7 (D. Md. Jan. 8, 2013) ("[A] federal court may take judicial notice of documents from prior state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment."), aff'd, 568 F.App'x 219 (4th Cir. 2014).  This new action was filed in Howard County Circuit Court and assigned Case No. C-13-CV-000082.  Case number C-13-CV-00128 is now closed.

4

"inherent bias of State Courts" and disputes Defendant's assertion that no unlawful "taking"

occurred. *Id.* at 4.

Defendant filed a reply re-affirming its claim that Eleventh Amendment immunity controls

the case and by again noting that the matter should be exclusively litigated in state court. ECF 7,

at 1–2. Defendant repeats the contention that *Knick* has no bearing on Defendant's sovereign

immunity argument because *Knick* involved a suit against a town, not, as is the case here, a state.

*Id.* at 2. Defendant also reiterates that Maryland state courts are open to adjudicating Plaintiff's

takings claims, as evidenced by an action addressing the alleged taking of Parcel 139 that is

currently pending in the Circuit Court for Howard County. *Id.* at 3.

On March 18, 2024, while Defendant's motion was pending, Plaintiff formally moved for

leave to file an amended complaint.[4]  ECF 12.  Plaintiff argues that an amended complaint is

appropriate because "this case presents an open question of Constitutional law" and argues that

the Court "should freely give leave when justice so requires." *Id.* at 1 (citing Fed. R. Civ. P.

15(a)(2)).  Though the motion to amend does not explicitly say as much, the amended complaint

attached thereto makes clear that Plaintiff believes that the "open question" is whether the failure

of Maryland courts to provide attorney's fees means that the state does not provide a "'reasonable,

certain, and adequate' means of obtaining just compensation." ECF 12-1, at 2 (citing *Zito*, 8 F.4th

at 288). Plaintiff also seeks to add more factual claims about the losses incurred due of the state's

allegedly unlawful taking of Parcel 139. *Id.* at 5.  Further, Plaintiff wishes to add additional claims

---

[4] The request came after several failed attempts seeking the same or similar relief. *See* ECF 8
(motion for extension of time to file an amended complaint, which was denied by ECF 9 due to
Plaintiff's failure to include the position of other counsel pursuant to L.R. 105.9); ECF 10 (motion
for extension of time to file an amended complaint, which was denied by ECF 11 because the relief
requested—an extension of time—was not the relief Plaintiff was seeking—leave of Court).

to his complaint, specifically a violation of the U.S. Constitution's Supremacy Clause (proposed

Count V) and a violation of the Fourteenth Amendment's guarantee of procedural due process

(proposed Count VI). *Id.* at 8–9.

Defendant opposed the filing of an amended complaint on the ground that it is futile. ECF

19, at 3. Defendant contends that despite Plaintiff's proposed modifications, the Eleventh

Amendment would still bar all counts. ECF 19, at 3–6. As to the argument related to attorney's

fees, Defendant concedes that no "[s]tate law exists" permitting their recovery in cases alleging

the unlawful taking of land in Maryland but claims that this fact is immaterial since a property

owner's constitutional right to just compensation under the Takings Clause does not include an

award of attorney's fees. *Id.* at 4. Defendant further alleges that Plaintiff's bias argument lacks

merit and argues that allowing Plaintiff to amend his complaint would "require the SRC to litigate

two actions simultaneously, and [would] risk inconsistent and/or irreconcilable results," including

the possible risk of Plaintiff recovering "duplicative rewards." *Id.* at 5. Plaintiff replied by arguing

that his proposed amendments are aimed at addressing Defendant's immunity arguments and thus

are not futile. ECF 22, at 3.

## II.     Analysis

This Court first turns to the motion for leave to amend as it is dispositive of both pending

motions. Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178,

182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendant asserts that any amendment to the initial complaint would be futile. A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510(4th Cir. 1986); *see also* 6 Arthur R. Miller, et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

It is important to note that this review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, Civ. No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)).

Here, Defendant essentially argues that Plaintiff's proposed amended complaint cannot survive a 12(b)(6) motion and thus permitting amendment would be futile. "[I]t may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule

7

12(b)(6) motion." *Sulton v. Baltimore Cnty.*, Civ. No. SAG-18-2864, 2021 WL 82925, at *2 (D. Md. Jan. 11, 2021) (collecting cases). "That being said," however, "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion" because "[s]uch a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).'" *Id.* (first quoting *Johnson*, 785 F.2d at 510, then quoting *Galustian*, 591 F.3d at 729). Though it is admittedly a close call, the Court finds that permitting the filing of an amended complaint is the appropriate outcome here.

To be clear, Defendant has raised a number of potentially compelling arguments in favor of dismissal. However, the Court cannot agree at this earliest stage of the litigation that the proposed amended complaint is clearly insufficient or frivolous on its face. Defendant's claim of prejudice because of parallel proceedings can be addressed through a request for an appropriate stay, not an outright dismissal. There is no allegation of "undue delay, bad faith or dilatory motive on the part of the movant," and this is Plaintiff's first attempt at amending his complaint. *Foman*, 371 U.S. at 182. Further, since the Court is essentially inviting Defendant to re-file its arguments in favor of dismissal once the amended complaint is filed, the risk of the "redundancies" of parallel actions identified Defendant in its response are minimized.

## III.    Conclusion

For the reasons set forth above, Plaintiff's motion seeking leave to amend the complaint, ECF 12, will be GRANTED, permitting Plaintiff's proposed amended complaint to be docketed. Defendant is invited to respond to the amended complaint, presumably by amending, modifying,

8

and re-filing many of the arguments already raised in ECF 5.  The motion to dismiss or for

summary judgment, ECF 5, will therefore be DENIED AS MOOT, without prejudice.

A separate Order follows.

Dated: July 24, 2024                                          /s/
                                                   Brendan A. Hurson
                                                   United States District Judge

9